UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER EARL ROGERS,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, WARDEN,<br><br>        Respondent. | Case No. 1:20-cv-00142-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST<br><br>ECF No. 1 |

Petitioner Spencer Earl Rogers, a state prisoner with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the habeas petition and order a response thereto unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because the petition contains an unexhausted claim, we will order petitioner to show cause why his petition should not be dismissed.

**Discussion**

Absent rare circumstances, a state prisoner shall not be granted federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b)(1)(A). A petitioner can satisfy the exhaustion requirement by providing the highest

state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion doctrine is based on comity; it gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The existence of a parallel proceeding in state court warrants this court's abstinence from considering the case. *See Younger v. Harris*, 401 U.S. 37 (1971).

Here, petitioner has stated two claims for relief: (1) the trial court erred when it admitted the testimony of the prosecution's gang expert, and (2) petitioner's sentence violates his Eighth and Fourteenth amendment rights. *See id.* at 5-7. Although petitioner has exhausted his first claim, *id*. at 7, his second claim is not exhausted, but rather is pending before the California Supreme Court, *id*. at 8. Therefore, the petition is "mixed"—meaning the petition contains both an exhausted and an unexhausted claim. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007). Federal courts must dismiss mixed petitions unless a petitioner can demonstrate he is entitled to a stay and abeyance of his petition.[1] *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) (per curiam).

Petitioner may seek a stay under either the *Rhines* or the *Kelly* procedure. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under *Rhines*, a "stay and abeyance" is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78. If petitioner wishes to stay his petition under *Rhines*, he must demonstrate that he meets the three requirements of *Rhines* in his response to this order to show cause.

---

[1] Alternatively, petitioner may move to withdraw his entire petition and return to federal court when he has exhausted his state court claim. However, petitioner is forewarned that the filing of the instant petition does not toll AEDPA's statute of limitations; his new petition must meet AEDPA's filing deadlines. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Absent rare circumstances, a federal habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

2

Under *Kelly*, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. *Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)). However, under *Kelly*, petitioner will only be able to amend his petition with his newly-exhausted claim if it is "timely." *See King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). His amended petition will be timely if either (1) the amended petition is filed within AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d), or (2) the new claim "relates back" to his claims in his initial petition. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

Here, because petitioner's first claim attacks the trial court's actions and his second claim seeks a youthful offender parole hearing in light of a new state rule, petitioner may have difficulty showing that these claims share a common core of operative facts. For that reason, we will require petitioner to notify this court of his intention to proceed under *Kelly* before we stay his petition under *Kelly*. Once his second claim is exhausted in state court, he may seek to amend his petition with the newly-exhausted claim.

**Order**

Within 30 days of the service of this order, petitioner must show cause why his petition should not be dismissed for failure to exhaust. In his response, petitioner must either state his grounds for a *Rhines* stay or state his intention to proceed with a *Kelly* stay. If petitioner elects a *Kelly* stay, he must file an amended petition containing only his exhausted claim.

IT IS SO ORDERED.

Dated:   March 24, 2020                              /s/ Jeremy Peterson
                                                     UNITED STATES MAGISTRATE JUDGE

No. 206.