UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER EARL ROGERS, | Case No. 1:20-cv-00142-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR STAY PENDING EXHAUSTION |
| v. | |
| CHRISTIAN PFEIFFER, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 6 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Spencer Earl Rogers, a state prisoner with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On April 24, 2020, petitioner moved for a stay under *Rhines* so that he could exhaust one of his claims at the state level. ECF No. 6. For the following reasons, we recommend that the court deny his motion to stay.

**Background**

In 2015, petitioner was convicted of murder and attempted murder and sentenced to life in prison without parole ("LWOP").[1]  ECF No. 6 at 2. Petitioner directly appealed his conviction, arguing, *inter alia*, that the trial court erred when it allowed a gang expert to rely on inadmissible hearsay, and that his counsel was ineffective for failing to object to the expert's testimony. ECF

---

[1] Petitioner was 23 years old at the time of his crimes of conviction. ECF No. 1 at 7.

1  No. 1 at 3.  The California Court of Appeal affirmed petitioner's conviction on July 26, 2018, and
2  the California Supreme Court denied review on October 31, 2018.  ECF No. 6 at 2.  Petitioner
3  hired counsel in January 2019 to assist him in seeking state and federal habeas relief.  Over the
4  following twelve months, counsel reviewed petitioner's appellate case files, investigated
5  petitioner's potential habeas claims, interviewed petitioner's family and witnesses not called at
6  trial, and hired a private investigator.  *Id*.  On January 27, 2020, counsel filed a habeas petition in
7  the California Supreme Court, claiming that a California law that makes offenders sentenced to
8  LWOP ineligible for youthful offender parole hearings violates both petitioner's right to be free
9  from cruel and unusual punishment under the Eighth Amendment and his right to equal protection
10 under the Fourteenth Amendment.  ECF No. 1 at 3.  The next day, January 28, 2020, counsel filed
11 the instant petition, which contains the exhausted gang expert claim and the unexhausted
12 sentencing claim.  Petitioner now seeks a stay and abeyance of his federal petition so that he may
13 exhaust his sentencing claim in state court.
14 **Discussion**
15     Petitioner seeks a stay and abeyance under the *Rhines* procedure.  *See Rhines v. Weber*,
16 544 U.S. 269, 277 (2005).[2]  "Staying a federal habeas petition frustrates AEDPA's objective of
17 encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It
18 also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a
19 petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."
20 *Id*.  Therefore, a "stay and abeyance should be available only in limited circumstances."  *Id*.
21 Under *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the
22 failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner
23 did not intentionally engage in dilatory litigation tactics.  544 U.S. at 277-78.

---

[2] Although petitioner exclusively seeks a stay under *Rhines*, an alternative procedure for the stay and abeyance of habeas petitions exists in our circuit under *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).  However, a stay under *Kelly* "does nothing to protect a petitioner's unexhausted claims from untimeliness."  *See King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009).  Because petitioner has waited until nearly the end of the federal statute of limitations period to file his state and federal habeas petitions, a stay under *Kelly* would not likely provide petitioner the relief he seeks.

1  Although the Supreme Court has not precisely defined what constitutes "good cause" for a
2  *Rhines* stay, in the Ninth Circuit, "good cause turns on whether the petitioner can set forth a
3  reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust.³  *See Blake*
4  *v. Baker*, 745 F.3d 977, 980-82 (9th Cir. 2014).  However, "[a]n assertion of good cause without
5  evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's
6  failure to exhaust."  *Id*. at 982.  Sister courts within our circuit have required, at a minimum, a
7  showing of some "circumstance over which [a petitioner] had little or no control" that prevented
8  him or her from asserting the unexhausted claim in state court.  *Riner v. Crawford*, 415 F. Supp.
9  2d 1207, 1211 (E.D. Nev. 2006); *see Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D.
10 Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner
11 ordinarily must show that the default resulted from an objective factor external to the petitioner
12 which cannot fairly be attributed to him").

13 Here, in support of his "good cause" argument, petitioner states only that his "failure to
14 exhaust was due to counsel's on-going investigation into other potentially meritorious claims"
15 and that he "sought to file a single all-encompassing petition in state court in advance of his
16 AEDPA deadline so he could conscientiously present all of his claims to state court prior to
17 proceeding to federal court."  ECF No. 6 at 3-4.  Petitioner has presented no evidence of external
18 circumstances over which he had no control preventing him from timely exhausting his claim.
19 Moreover, there is no rational nexus between petitioner's "on-going investigation into other
20 potentially meritorious claims" and the sentencing claim he now seeks to exhaust.  Petitioner's
21 sentencing claim is based on information that was readily available to him at the time he retained
22 counsel—his age at the time of the offense and his LWOP sentence.  Therefore, petitioner has
23 failed to demonstrate good cause for his untimely exhaustion.

24 Our analysis is unchanged by petitioner's references to "new caselaw," ECF No. 1 at 7,
25 and "an emerging area of law in the California Supreme Court."  ECF No. 6 at 3.  Although

---

³ Notably, "the first element of the *Rhines* test can easily be established to the extent [petitioners] were without counsel" during the period relevant to state-level exhaustion in post-conviction proceedings.  *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

newly-discovered evidence can weigh in favor of a finding of good cause for a failure to exhaust claims, *see Roberts v. Harrison*, CV F 05-1006 OWW WMW HC, 2006 U.S. Dist. LEXIS 16115, at *2 (E.D. Cal. Mar. 17, 2006), the "emerging area of the law" petitioner relies upon is not dependent on any newly-discovered evidence. Petitioner contends that California Penal Code § 3051, which excludes young adults sentenced to LWOP, such as petitioner, from youthful offender parole hearings, violates his constitutional rights. *See* Cal. Pen. Code § 3051(h). He specifically argues that his LWOP sentence is cruel and unusual in violation of the Eighth Amendment, and that § 3051(h), enacted in 2014, treats him differently from similarly situated offenders not sentenced to LWOP in violation of the Fourteenth Amendment. The predicate of petitioner's claim—that § 3051(h) is unconstitutional—is an argument that petitioner could have exhausted at the state level as soon as his sentence became final. Petitioner provides no legitimate reason for his tardiness and provides no proof that he was somehow prevented from bringing his sentencing claim in a timely manner in the state court.[4]

    Because we find that petitioner has failed to establish good cause for his request to stay his petition, we need not analyze the remaining two prongs of *Rhines*. Even so, petitioner's sentencing claim appears to lack merit—there is no U.S. Supreme Court case that precludes a state legislature from restricting parole eligibility for young adults, and California appears to have had a rational basis for enacting § 3051(h). *See Adams v. Frauenheim*, No. 17-cv-01289-EMC, 2018 U.S. Dist. LEXIS 100229, at *18 (N.D. Cal. June 14, 2018) (finding reasonable the state court's determination that California's § 3051 is rationally related to a legitimate government interest, noting that there is no U.S. Supreme Court case that precludes a state legislature from enacting a statute such as § 3051, and that § 3051 does not violate constitutional prohibitions against equal protection or cruel and unusual punishment). Although we have no reason to

---

[4] Although our circuit had found, pre-*Rhines*, that a new rule announced by a state supreme court that implicated constitutional rights supported a stay and abeyance, *see Fetterly v. Paskett*, 997 F.2d 1295, 1301 (9th Cir. 1993), we can find no such relevant "new rule" announced by the California Supreme Court here or even a district split among the California Court of Appeal, *see e.g.*, *In re Jones*, No. A157877, 42 Cal. App. 5th 477 (2019); *People v. Gallow*, No. B291217, 2019 Cal. App. Unpub. LEXIS 7878, at *1 (Nov. 25, 2019); *People v. Covin*, No. E068841, 2019 Cal. App. Unpub. LEXIS 1026, at *1 (Feb. 11, 2019).

believe that petitioner engaged in "dilatory litigation tactics," such as "abusive litigation tactics or intentional delay," *see Rhines*, 544 U.S. at 278, we do note that petitioner's counsel spent nearly twelve months reviewing the appellate record and investigating potential habeas claims while the federal statute of limitations clock was ticking.  Petitioner has not provided any justification for this time spent in review and investigation.

Therefore, we find that petitioner has failed to demonstrate that he is entitled to a stay under *Rhines*.  We recommend that his request be denied.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further.  Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court deny petitioner's request for a stay and abeyance, ECF No. 6, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B)

and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

  The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:  June 11, 2020         _____
                  UNITED STATES MAGISTRATE JUDGE

No. 206.