**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER EARL ROGERS,<br><br>    Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No.: 1:20-cv-0142 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 14, 32) |

Spencer Earl Rogers is a state prisoner proceeding on a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising two grounds for relief: (1) evidence by the prosecution's gang expert was hearsay, and trial counsel's failure to object to inadmissible evidence, violated Petitioner's Fourteenth and Sixth Amendment rights to confrontation and effective assistance of counsel; and (2) California Penal Code § 3051, which make offenders under the age of 25 who were sentenced to life without parole ineligible for youth offender parole hearings, violates Petitioner's rights to equal protection under the Fourteenth Amendment and protection against cruel and unusual punishment under the Eighth Amendment. (Doc. 14.)

The assigned magistrate judge issued Findings and Recommendations, recommending the first amended petition for writ of habeas corpus be denied and the Court decline to issue a certificate of appealability. (Doc. 32.) Petitioner objects to the magistrate judge's Findings and Recommendations. (Doc. 39.)

1

As an initial matter, Petitioner objects to the magistrate judge's finding that both grounds for relief were deficiently pled. (Doc. 39 at 8-13, 31.) Despite this finding, however, the magistrate judge considered the merits of Petitioner's claims. Thus, the objection does not provide any basis to decline to adopt the findings related to the merits.

As to his first ground for relief, Petitioner restates arguments made in his Reply, arguing they were not adequately considered by the magistrate judge. For example, Petitioner claims the magistrate judge failed to "meaningfully grapple" with the "undeniably prejudicial" volume of case-specific evidence presented by the gang expert Malley at trial, including booking statements, police reports, and street check reports; and "neglected to account for the prosecutor's heavy reliance on testimonial hearsay evidence in his closing." (Doc. 39 at 13-18). Similarly, Petitioner argues the magistrate judge "completely disregarded" his arguments made in the Reply that evidence identified as admissible by the state court did not prove Petitioner's gang affiliation beyond a reasonable doubt, because the substance of the phone calls did not prove he was an active participant or that he acted for the benefit of a gang, and the witness testimony "had massive credibility problems." (*Id*. at 20-26.)

Importantly, as noted by the magistrate judge, habeas relief is not available "unless the harmlessness determination itself was unreasonable," and "[t]o to meet this standard, Petitioner must show that the state court's decision to reject his claim 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" (Doc. 32 at 29, internal citations omitted). The magistrate judge addressed Petitioner's argument that the jury heard a "significant volume" of inadmissible evidence from the gang expert, and his argument that the admissible evidence did not amount to substantial evidence of Petitioner's gang affiliation. (*Id.* at 29-30.) Petitioner's objections do not meaningfully cast doubt on the state appellate court's finding that admission of the gang expert's hearsay statements was harmless error in light of the properly admitted evidence, including wiretapped conversations played for the jury and testimony that Petitioner was a gang member and admitted to the gang-related purpose for one of the shootings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (a constitutional violation is a harmless error unless the error had

1    "substantial and injurious effect or influence in determining the jury's verdict.").

2    As to his second ground for relief, Petitioner argues that "habeas is a valid mechanism to challenge equal protection violations resulting in unfair or illegal sentences" because the reasoning of *Nettles* is inapplicable to equal protection challenges to the denial of youth offender parole consideration under § 3051. (Doc. 39 at 31-36.) Petitioner cites no case law to directly support a finding that an equal protection challenge is not cognizable on habeas corpus review. The Court declines Petitioner's suggestion to "diverge from" the consistent holdings of district courts in California, and the magistrate judge's conclusion in this case, that an equal protection challenge to eligibility for a youth offender parole is not cognizable on habeas corpus. *See, e.g.*, *Saesee v. Lynch*, 2023 WL 3380100, at *2 (E.D. Cal. Apr. 25, 2023) ("[b]ecause petitioner seeks only to be granted a youth offender parole hearing, at which he may or may not be granted parole, success on the merits of the petition will not guarantee his speedier release and this court lacks [habeas] jurisdiction"); *Turner v. Foss*, 2020 WL 3971599, at *3 (S.D. Cal. Jul. 14, 2020) (finding equal protection challenge to § 3051 not cognizable on habeas petition); Johnson v. Lozano, 2020 WL 959253 (C.D. Cal. Jan. 17, 2020) *adopted*, 2020 WL 949953 (C.D. Cal. Feb. 26, 2020) (no federal habeas jurisdiction where petitioner claimed administration of California Penal Code § 3105 violated the Equal Protection clause of the California Constitution).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the

3

existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner did not make the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 29, 2023 (Doc. 32) are **ADOPTED** in full.
2. The amended petition for writ of habeas corpus (Doc. 14) is **DENIED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**March 19, 2024**__            _/s/ Jennifer L. Thurston_
                                          UNITED STATES DISTRICT JUDGE